ELIZA JANE PARKINSON, SPECIAL GUARDIAN OF GEORGE
W. W. RINCHEY, AN INFANT, RESPONDENT, v. GEORGE H.
M. JACOBSON AND MARY S. D. JACOBSON, HIS WIFE,
MARY A. SHERMAN AND SYLVESTER J. SHERMAN,
HER HUSBAND, AND OTHERS, APPELLANTS.

*Sale of infant's real estate — mortgage given by purchaser — want of title in infant —
no defense to.*

In proceedings instituted for the sale of the real estate of an infant, it was alleged
that his father, through whom, by descent, the infant acquired title to the
property sold, was dead, A conveyance of the property was duly made in
such proceedings to one Jacobson, who gave back a bond and mortgage to
secure a portion of the purchase-money. This action was brought against the
person to whom Jacobson had conveyed the premises, subject to the mortgage,
and who had assumed the payment thereof, to foreclose the same. The
defendant set up as a defense that the father was still living.

*Held,* that, as the answer failed to set up any eviction or disturbance of defend-
ant's possession, the answer was properly stricken out as frivolous.

APPEAL from an order made at the Special Term, striking out a
portion of the defendant Mary A. Sherman's answer as frivolous
and irrelevant.

*Francis Byrne,* for the appellants. The allegations of the
answer (stricken out) not being contradicted by affidavit, are to be
taken as true; and they establish a total failure of title in said
infant, and either a willful falsification or a mistaken assertion of
the fact that said George Rinchey was not alive; and upon either
the ground of fraud or mutual mistake, the contract of sale and
the bond, mortgage and all conveyances. should be set aside. (1
Story's Eq. [12th ed.], §§ 140, 141, 142, 143, 144; *Denston* v.
*Morris,* 2 Edward's Ch. R., 37; *Roosevelt* v. *Fulton,* 2 Cow., 129;
*Bennett* v. *Judson,* 21 N. Y., 238; *Bingham* v. *Bingham,* 1 Vesey,
Senior, 127; *Stapleton* v. *Scott,* 13 Vesey, 425; *Hitchcock* v. *Gid-
dings,* 4 Price, 135; *Champlin* v. *Laytin,* 1 Edw. Ch. R., 471; 6
Paige, 89.) Omission to make inquiries was not negligence. (*Mead,
Adm'x, etc.,* v. *Bunn,* 32 N. Y., 275.)

*W. T. Milliken,* for the respondent. A grantee of the equity of
redemption, who has assumed the payment of the mortgage, cannot

contest the consideration of the mortgage. (*Shadbolt* v. *Bassett*, 1 Lans., 121; *Ritter* v. *Phillips*, 53 N. Y., 586; *Freeman* v. *Auld*, 44 id., 50.) Even the mortgagor in a purchase-money mortgage cannot be relieved, on the ground of a failure of title, unless he has been evicted. (*Curtis* v. *Busch*, 39 Barb., 661; *Bumpus* v. *Platner*, 1 Johns. Ch., 213; *Abbott* v. *Allen*, 2 id., 213; *Banks* v. *Walker*, 2 Sandf. Ch., 344.) The fact that there may be a decree *in personam* for deficiency does not alter the principle. (*Edwards* v. *Bodine*, 26 Wend., 109; *Miller* v. *Morrell*, 3 Edw. Ch., 560.) In order to have a right of action or counter-claim where all other conditions exist, there must be a surrender of the property to one having a paramount title. (3 Washburn, 403; *Simers* v. *Saltus*, 3 Denio, 214; *St. John* v. *Palmer*, 5 Hill, 599; *Curtis* v. *Busch*, 39 Barb., 661; *Walker* v. *McCarty*, 3 Johns., 471; *Kerr* v. *Shaw*, 13 id., 236.)

GILBERT, J.:

George W. Rinchey was the owner of real estate in the city of Brooklyn. Plaintiff was his wife and the infant ward was their child. The infant, by plaintiff, presented a petition to the Supreme Court in the city of New York, on the 27th day of November, 1867, stating that the father had died on the 20th of July, 1866, in Mexico, intestate, seized, etc., leaving the infant his only heir, and prayed for leave to sell said property. Plaintiff was appointed special guardian, and the several proceedings were had upon the petition resulting in an order for the sale and conveyance of the mortgaged premises, and pursuant to such order the same were sold and conveyed to one Jacobson. Jacobson gave back to the plaintiff the bond and mortgage in suit for a part of the purchase-money. Afterwards Jacobson conveyed said premises to the defendant Mary A. Sherman, and she assumed the payment of the mortgage. The defendants now set up as a defense to this action that Rinchey was alive when said order of sale was made, but do not aver any eviction or disturbance of the possession of said premises.

We think the defense was a sham one. It sets up no breach of covenant by the plaintiff nor any eviction of the defendants. It is well settled that where the purchaser remains in quiet and peaceable

possession of the premises, he cannot have relief against the contract to pay the purchase-money or any part of it on the ground of defect of title, nor does the fact that there may be a judgment for a deficiency against the defendants enable them to defend because of a failure of their title, until after an eviction. (Thomas on Mortgages, 292, *et seq.* ; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y., 256.)

The order must be affirmed, with costs and disbursements.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Order striking out parts of answer affirmed, with costs and disbursements.